## Cumberland Transportation Company v. O'Brien & Company.

(Decided February 3, 1928.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. **Carriers.**—In action for damage to goods in transit, in view of Kentucky Stats., sec. 201d, making initial carrier liable for any loss or damage occurring during transportation on its line or that of connecting carrier, excluding testimony that certain intermediate carriers were part of system of another intermediate carrier held not prejudicial to initial carrier.

2. **Carriers.**—In view of Kentucky Stats., sec. 201d, making initial carrier liable for loss or damage occurring during transportation on its line or that of connecting carrier, where loss occurs on line of connecting carrier, initial carrier's right of redress after recovery against it is against connecting carrier.

3. **Carriers.**—In action for damage to tobacco in transit, excluding testimony of witness who had not seen plaintiff's tobacco, and knew nothing about its condition, that some tobacco sold on market at point of delivery to initial carrier about time of delivery of tobacco in question was in bad condition, was proper.

4. **Witnesses.**—In action for damage to goods in transit, admitting testimony by plaintiff's attorneys that defendant's witness, who had also testified at first trial, had stated to them that, if properly rewarded, he could furnish information as to how goods had been damaged, which was denied by him, limited by admonition to jury that it could only affect such witness' credibility, was proper.

JOHN L. WOODBURY and H. L. MEANS for appellant.

THOMAS C. MAPOTHER for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is the second appeal of this case; the opinion on the former appeal being reported in 216 Ky. 693, 288 S. W. 682. On the second trial of the case the jury returned a verdict against the defendant, now the appellant, Cumberland Transportation Company, for $2,474.-19, without interest and in favor of the defendant Andrew W. Mellon, Director General of Railroads, Agent, operating the Southern Railway in Kentucky. The evidence

on the second trial was substantially the same as on the first trial, and, as the facts are fully stated in the opinion on the former appeal, it is unnecessary to restate them.

The appellant first complains that the trial court failed to instruct the jury as directed in the opinion on the former appeal. In addition to the instruction on the measure of damages, the following instructions were given:

"Instruction No. 1. The court instructs the jury that the tobacco concerning which you have heard evidence was delivered to plaintiff at Louisville in a damaged condition; and, if you believe from the evidence that said tobacco was received by the defendant, Cumberland Transportation Company, at Burkesville, in good condition, the law of this case is for the plaintiff, O'Brien, and against the defendant, Cumberland Transportation Company, and you should so find, whether the loss or damage to said tobacco occurred on its line, or on the Cincinnati, Burnside & Cumberland River Railway, or on the Cincinnati, New Orleans & Texas Railway, or on the line of the Southern Railway. But, unless you believe from the evidence that said tobacco was received by the defendant, Cumberland Transportation Company, at Burkesville in good condition, the law is for said defendant, Cumberland Transportation Company, and against plaintiff, O'Brien, and you should so find.

"Instruction No. 2. If the jury believe from the evidence that the tobacco concerning which you have heard evidence was received by the defendant, Cumberland Transportation Company, at Burkesville, in good condition, you will find for the plaintiff, O'Brien, and against the defendant, Andrew W. Mellon, Director General of Railroads, Agent, operating the Southern Railway, unless you believe from the evidence that the loss or damage to said tobacco did not occur on the line of said Southern Railway, in which latter event the law is for said defendant, agent, Andrew W. Mellow, Director General of Railroads, and against said plaintiff, and you should so find."

A careful examination of the instructions discloses that they are substantially such as were directed to be given in the opinion on the former appeal.

Appellant complains of the ruling of the trial court excluding certain testimony tending to show that the Cincinnati, Burnside & Cumberland River Railway and the Cincinnat, New Orleans and Texas Pacific Railway were part of the Southern Railway System, and were, at the time the loss complained of occurred, being operated by the Director General of Railroads, as agent of the Southern Railway System. No such issue was made by the pleadings, nor was the evidence as to the ownership or control of the intermediate carriers, excluded by reason of any objection made by the appellee, but it was excluded upon objection made by appellant's codefendant, the Southern Railway Company.

Under section 201d, Kentucky Statutes, the appellant, being an initial carrier, is liable for any loss or damage occurring during the transportation whether it occurred on its line or that of any connecting carrier. The issue as to whether the loss occurred on the line of the initial carrier or that of the connecting carrier was one between the appellant and its codefendant, the Southern Railway Company, and, the loss having been established, the rights of the appellee could not be affected. Where the loss occurs on the line of a connecting carrier, the initial carrier's right of redress is against such carrier.

The appellant also complains of the admission and rejection of certain evidence. It offered to prove by the witness, S. S. Davis, that some tobacco sold on the Burkesville market about the time the tobacco in question was delivered to it for transportation was in bad condition, but the witness admitted that he had not seen appellee's tobacco, and knew nothing about its condition, and the court properly excluded his testimony. J. S. Coomer, who was mate on the steamer, Rowena, on which the tobacco was transported from Burkesville to Burnside, testified as a witness for the appellant. On cross-examination he was asked if he had not visited the offices of the attorneys for the appellee a short time before the second trial, and made statements to these attorneys indicating that he knew more about the case than he had told on the former trial, and that he would furnish information showing how the tobacco had been damaged, if he was sufficiently rewarded. The witness denied that he made the statements arributed to him, and the attorneys for appellee then took the stand, and contradicted him.

The court admonished the jury that this testimony should not be considered by them as substantive evidence, but only as affecting the credibility of the witness, Coomer. The testimony was competent for the purpose for which it was introduced, and as the court properly admonished the jury as to the purpose for which it should be considered, no error resulted prejudicial to the substantial rights of the appellant.

Finding no error authorizing a reversal the judgment is affirmed.